McGREGOR W. SCOTT
United States Attorney
SHERRILL A. CARVALHO
JAMES R. TERZIAN
Assistant U.S. Attorneys
Suite 4401, Federal Courthouse
2500 Tulare Street
Fresno, California  93721
Telephone:  (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR.F. 07-0159 OWW |
| | ) |
| Plaintiff, | ) ORDER REGARDING HEARING ON THE |
| | ) PARTIES' MOTIONS <u>IN</u> <u>LIMINE</u> AND |
| | ) THE GOVERNMENT'S MOTION |
| | ) TO INTRODUCE 404(B) EVIDENCE |
| | ) |
| v. | ) |
| | ) |
| TERRY L. HAYES, | ) DATE: August 12, 2008 |
| | ) TIME: 9:00 a.m. |
| Defendant. | ) PLACE: COURTROOM Three |
| _____ | ) HON. OLIVER W. WANGER |

On July 21, 2008, the Court heard the parties' motions <u>in limine</u>, the government's motion to introduce 404(b) evidence, and oppositions.  On August 4, 2008, the Court heard further argument on the government's motion and supplemental motion to exclude evidence of disability and expert testimony, and the defendant's opposition thereto.  At both hearings, appearing for the government were Assistant U.S. Attorneys Sherrill A. Carvalho and James R. Terzian; appearing for defendant Terry L. Hayes was Assistant Federal Defender Marc Days.  Upon due consideration of the written and oral arguments of the parties and the record herein, the Court issues the following order:

///

1     The trial date of August 12, 2008 is confirmed.  The
2 defendant is ordered to be present for trial.
3     The Court reserves its ruling on the Government's Motion In
4 Limine to Exclude Evidence Offered by the Defense of Non-
5 Inculpatory Statements, until the morning of trial.  The
6 Government's Motion In Limine to Exclude Evidence of Disability
7 and Payments by SSA post-indictment is granted.
8     The Government's Notice of Intent to Offer Evidence of Other
9 Acts is granted in part.  The government will be allowed to
10 present evidence of the defendant's use of his son's Social
11 Security number, which is material to the defendant's knowledge,
12 motive and intent.  The government will be not be allowed to
13 introduce evidence regarding how the son learned that his father
14 was using his Social number or the defendant's statements after
15 the son confronted him.  However, if the defendant contests the
16 defendant's use of his son's Social Security number, the
17 government will be allowed to introduce such evidence.
18     A decision on the government's motions In Limine to Exclude
19 Evidence of Disability, Including Expert Testimony are granted in
20 part.  The defendant's Opposition to the Government's
21 Supplemental Motion In Limine to Exclude Evidence of Disability,
22 Including Expert Testimony, is denied in part. The defense will
23 be allowed to present testimony from Dr. Howsepian only regarding
24 his medical findings pertaining to the defendant's ability to
25 read or write.  Dr. Howsepian will not be allowed to testify
26 regarding other issues raised in the defense motion.  For
27 example, Dr. Howsepian will not be allowed to testify regarding
28 hearsay statements the defendant made to him.

The Defendant's Motion <u>In</u> <u>Limine</u> to Exclude Evidence of Income Earned when the defendant Returned to Work and Payment's for Dependents due to the defendant's Disability, is denied. The defendant's motion to exclude evidence of income, payments by SSA, 404(b) evidence, defendant's employment, and discovery is denied.

The defendant's supplemental motion for discovery was granted in part and denied in part.  The U.S. Social Security Administration was ordered to comply with defense subpoenas forthwith, provided the defense complies with the policies and procedures for release of such information by SSA.  Further, the government was ordered to make the defendant's Social Security file available for the defense to review forthwith.

IT IS SO ORDERED.

**Dated:  August 11, 2008**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE